[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO SUPPRESS
The defendant, Rodney Johnson, has moved to suppress two packages containing cocaine which were seized pursuant to a warrantless search of his automobile on February 20, 1997, which motion has been filed pursuant to C.G.S. § 54-33f. The state bears the burden of proving by a preponderance of the evidence that the search in question falls within one of the recognized CT Page 6354 exceptions to the warrant requirement for a search and seizure.
The court held an evidentiary hearing regarding the motion to suppress on May 19, 1997. The only testimony at the hearing was that of Officer Kenneth Rahn of the Milford Police Department.
The court finds that Officer Rahn was a credible witness and, based on his testimony, finds that the state has proven the following facts.
On February 20, 1997 shortly before 10:30 p. m., Officer Rahn observed a motor vehicle traveling east on Old Gate Lane in Milford to which was affixed a temporary registration plate, the expiration on which he could not read. Rahn followed this vehicle into a Shell gas station at the corner of Old Gate Lane and Woodmont Road in order to get the number on the temporary plate. After ascertaining the marker number, he called it into the Milford Police Department and it came back as negative from NCIC, i.e., no information found. Officer Rahn, based on his training and experience, believed that the lack of a record of this marker number was an indication that the plate had been unregistered for a period of time and there was no longer a record of it.
While at the Shell station, it was Rahn's observation that the operator of the vehicle was making an effort to watch his patrol car. The operator entered a 24 hour convenience store at the Shell station and remained inside for two to three minutes during which time he continually looked in the direction of the patrol car while not appearing to purchase anything.
Upon exiting the convenience store, the operator proceeded onto the entrance ramp of I-95. As he made a signal to turn onto that entrance ramp, the officer pulled behind this vehicle to conduct a motor vehicle stop in order to determine the registration status of the vehicle at which time Rahn observed also that the operator was not wearing a seat belt. Upon engaging his overhead light to conduct the stop, Rahn observed that the operator appeared to be leaning across the front seat and reaching or pushing at an object near the front of the passenger seat or passenger seat floor.
Officer Rahn, after stopping the vehicle, notified the police department of that fact and then exited his vehicle and CT Page 6355 approached the vehicle which he had stopped. Because of his observations regarding the operator's movements, he approached from the passenger side. At that time, Rahn observed that the operator was continuing to push something with his right hand in the area of the floor of the passenger seat. The operator appeared nervous when Rahn asked him for his license, registration and insurance card.
The operator of the vehicle was determined to be the defendant, Rodney Johnson. When Mr. Johnson opened the glove box of the car to obtain the requested documents, Rahn observed a large roll of U.S. currency. It was determined by Rahn that the vehicle had a valid registration.
At that point, Rahn had Mr. Johnson exit the vehicle and move to the front of the patrol car where he performed a pat-down of Johnson's person to determine if he had any weapons. He had no weapons on his person. While Johnson was monitored by Rahn's canine partner, Rahn went directly to the front seat of the vehicle where he had observed Johnson reaching in order to determine if he had attempted to secrete a weapon.
At the base of the seat Rahn observed a white plastic bag pushed partially under the seat. Upon pulling at the bag, "a brick of sorts" with a number written on it slid forward on the floor. He also checked further with his flashlight to ensure that there were no weapons under the seat. It was determined that the plastic bag contained two bricks of cocaine.
The two bricks were not sharp and did not feel like metal, and were sealed in such a way that Officer Rahn could not see their contents. Suspecting the presence of contraband, specifically narcotics[1], he cut open the packaging and determined the contents to be a white powder which later tested positive for the presence of cocaine. Upon making the discovery, Officer Rahn placed Mr. Johnson in his locked cruiser and called for his supervisor who subsequently arrived on the scene. At all times during the above described events the defendant was polite and compliant with Officer Rahn's requests.
Mr. Johnson was eventually placed under arrest on charges of possession of narcotics in violation of C.G.S. § 21a-279 (a) and possession of narcotics with intent to sell in violation of C.G.S. § 21a-277 (b). CT Page 6356
It is the opinion of the court that the issue regarding the officer's right to conduct the search of the motor vehicle which the defendant was operating is governed by the recent Connecticut Supreme Court case of Connecticut v. Wilkins, 240 Conn. 489
(1997).
The testimony elicited from Officer Rahn established that he conducted a legitimate motor vehicle stop in order to ascertain the registration status of the vehicle and because he observed that the defendant was not wearing a seat belt[2].
The Court in Wilkins held that, under both the federal and state constitutions, during the course of a lawful investigatory detention, if an officer has a reasonable and articulable suspicion that the detained individual may be armed and dangerous, that officer may search the passenger compartment of the automobile for weapons, limited to areas where the weapon might be hidden. Id. at 495-96.
In this case, Officer Rahn had observed the defendant acting in a nervous and suspicious manner prior to the motor vehicle stop and appeared nervous when he was actually pulled over and while searching for his license. While these factors in and of themselves may not rise to the required level of suspicion, as they are common among many people who are stopped by the police, there are other critical factors in this case. Both prior to and after the defendant had stopped his vehicle in response to Rahn's signal, he was observed by the officer trying to push at something in the area of the floor of the passenger seat of the vehicle. Those observations, along with the general demeanor of the defendant, in the court's opinion, gave Officer Rahn the right to conduct a limited search of the floor of the passenger side of the vehicle in order to determine if the defendant was attempting to secrete a weapon.
The defendant also makes the claim that the scope of the search in question was limited to a search for weapons and that he therefore went beyond the scope of a permissible search when he cut into the package which he found, when he knew that it was not a weapon.
As noted above, there appears little question that Officer Rahn cut the package because he suspected under all the circumstances that it contained narcotics. Having confirmed that fact, he seized those narcotics as evidence. In State v. Trine, CT Page 6357236 Conn. 216 (1996), the Connecticut Supreme Court held that there was no constitutional prohibition against the seizure of non-threatening contraband which a police officer feels during a lawful pat-down search for weapons.
In the court's opinion, this case presents a situation analogous to Trine, where a police officer comes upon non-threatening contraband during the course of a lawful search for weapons of the passenger compartment of a motor vehicle. In this case, upon conduct his search, Officer Rahn came into possession of two bricks of what he suspected was narcotics. It would seem ludicrous to hold that he would have to return those items to the defendant upon recognition that they were not weapons.
Therefore, for the above stated reasons, it is the opinion of the court that under the circumstances of this case, the limited search conducted by Officer Rahn did not exceed permissible bounds, nor did the seizure of the cocaine which was discovered in the course thereof. The defendant's motion to suppress is therefore denied.
Thompson, J.